# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| JANELLE ALEXANDER | * | CIVIL ACTION NO. 08-1570 |
| VERSUS | * | JUDGE DOHERTY |
| COMMISSIONER OF SOCIAL SECURITY | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION ON MOTION TO REMAND

Pending before the undersigned for Report and Recommendation is a Motion to Remand filed by plaintiff, Janelle T. Alexander ("Alexander"), on February 11, 2010. [rec. doc. 31]. The Commissioner of Social Security ("Commissioner") filed opposition on March 4, 2010. [rec. doc. 34]. Alexander filed a response to the opposition on March 12, 2010. [rec. doc. 35]. Based on the following reasons, the undersigned recommends that the motion be **DENIED**.

## FINDINGS AND CONCLUSIONS

On February 7, 2006, Alexander filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging an onset date of July 27, 2005. After denial of her applications, Alexander requested a hearing before an Administrative Law Judge ("ALJ"). Following the February 12, 2008 hearing, the ALJ issued a decision denying benefits on March 20, 2008. The Appeals

Council declined to review that decision.

On October 22, 2008, Alexander filed a Complaint for judicial review of the denial of her applications.  On January 14, 2010, the undersigned issued a Report and Recommendation recommending that the Commissioner's decision be affirmed and that this action be dismissed with prejudice.  [rec. doc. 29].  On February 1, 2010, Alexander filed objections to the Report and Recommendation.  [rec. doc. 30].

On February 11, 2010, Alexander filed the instant Motion to Remand under the sixth sentence of 42 U.S.C. § 405(g) on the basis of new evidence. [rec. doc. 31].  This evidence consists of a January 24, 2009 award letter from the Social Security Administration granting Alexander benefits effective March 21, 2008. [rec. doc. 31, Appendix, Exhibit 1].  The Commissioner objects on the grounds that the fully favorable finding does not constitute a decision that encompasses the relevant time period for the matter before this Court.

A district court may remand to the Appeals Council under § 405(g) in only two circumstances: (1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence.  *Istre v. Apfel*, 208 F.3d 517, 519 (5th Cir. 2000).  The fourth sentence of § 405(g) authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for rehearing.  *Id*. (*citing Melkonyan v. Sullivan*, 501 U.S. 89, 97-99, 111 S.Ct. 2157, 115

L.Ed.2d 78 (1991)).  Sentence-six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was not, for good cause,  presented before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 2629 n. 2 (1993); *Melkonyan,* 501 U.S. at 99-100, and n. 2, 111 S.Ct. 2157, 2163-2164, and n. 2; *cf. Sullivan v. Finkelstein,* 496 U.S. 617, 626, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990).

In this case, Alexander requested remand on the basis of new evidence consisting of the Commissioner's January 24, 2009 fully favorable finding.  In support of this argument, she cites *Walz v. Barnhart*, 2004 WL 742042 (D. Minn. March 31, 2004).  Besides the fact that this is an unpublished district court opinion from outside of the Fifth Circuit, *Walz* is distinguishable.

In *Walz*, plaintiff filed an application for supplemental security income ("SSI") on October 25, 2000 alleging disability as of December 12, 1998.  After that application was denied, she filed another application for SSI and disability insurance benefits on June 14, 2002, alleging the same onset date.  On the 2002 application, a different Administrative Law Judge found that claimant was entitled to a period of disability commencing December 12, 1998, at least through the date of the decision, October 29, 2003.  The ALJ also reopened a final determination based on

3

a prior application that had been filed in 1999, and revised that final determination to reflect a finding of disability.

Walz appealed the denial of the benefits requested in her 2000 application. The parties filed cross motions for summary judgment in 2003, and the magistrate judge issued a decision against Walz on February 19, 2004.  Walz filed objections to the report and recommendation, arguing that the Commissioner's favorable determination in the 2002 applications mandated judgment in her favor.  The favorable decision on the 2002 applications was issued after the parties filed their motions for summary judgment on the 2000 application, but before the magistrate judge issued his report and recommendation denying benefits.

On appeal, the court found that in the decision on the 2002 applications, the Commissioner had determined that claimant was disabled as of December 12, 1998 through at least October 29, 2003.  Thus, the court held that the decision on the 2002 applications encompassed the time period relevant to the 2000 application, and remanded the case for an award of benefits.[1]

Here, Alexander argues that this case should be remanded based on the January 24, 2009 award letter from the Social Security Administration granting Alexander

---

[1]The court also noted in *dicta* that the ALJ's failure to develop the record in the 2000 application would have warranted remand.

4

benefits effective March 21, 2008.  However, whether a subsequent application is approved is of no moment to the question of whether the prior application was meritorious at the time of consideration.  *Winston ex rel. D.F. v. Astrue*, 341 Fed. Appx. 995, 998, 2009 WL 2605358, at * 2 (5th Cir. 2009).

A review of the record indicates that Alexander's applications were filed on February 7, 2006, alleging an onset date of July 27, 2005.  The ALJ issued a decision denying benefits on March 20, 2009.  Alexander sought judicial review of the denial of these applications on October 22, 2008.  On January 14, 2010, the undersigned issued the Report and Recommendation recommending dismissal of the case. Although the Commissioner issued the award letter on January 24, 2009, which was a year prior to the time that the report and recommendation was issued, Alexander did not notify this Court of this favorable decision until she filed the motion to remand on February 11, 2010.

When new evidence becomes available after the Secretary's decision and there is a reasonable possibility that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered.  *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).  In order to justify a remand, the evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a prior proceeding.  *Leggett v. Chater*, 67

F.3d 558, 567 (5th Cir. 1995).

Reviewing the materiality of the new evidence requires the court to make two separate inquiries: (1) whether the evidence relates to the time period for which the disability benefits were denied, and (2) whether there is a reasonable probability that this new evidence would change the outcome of the Secretary's decision. *Ripley*, 67 F.3d at 555.

Here, Alexander failed to show that the evidence related to the time period for which disability benefits were denied; further, she has not shown good cause for failing to incorporate this evidence into the record until over a year later.  The record reflects that she filed her brief on February 10, 2009 [rec. doc. 13], her amended brief on March 11, 2009 [rec. doc. 14], and her reply brief on April 2, 2009 – all of which occurred *after* the Commissioner issued the fully favorable decision.  Additionally, the new evidence in *Walz* related to the relevant time period, while the evidence here related to claimant's condition *after* the date of the ALJ's decision.   [rec. doc. 34, Attachment].  Accordingly, *Walz* is inapplicable here.

In the response to the Commissioner's opposition, Alexander argues that her new award encompasses consideration of an issue that was material to the period at issue in the first decision.  [rec. doc. 35, p. 3].  A subsequent finding of disability, in and of itself, requires no relief with respect to a prior decision because the more

6

recent decision is often based on a deterioration in a previously non-disabling condition. *Lewis v. U.S. Com'r Social Sec. Admin*., 2008 WL 5459741, at *1 (W.D.La., Dec. 1, 2008). Here, the Explanation of Determination and Claims Action History attached to defendant's response indicates that the award of benefits was based on medical evidence submitted after October 30, 2008. [rec. doc. 34, Attachment]. The ALJ's decision denying benefits was dated March 20, 2008. Thus, this evidence does not relate to the relevant time period.

Accordingly, the undersigned recommends that the motion to remand be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR**

**WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION,* **79 F.3D 1415 (5TH CIR. 1996).**

Signed April 5, 2010, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE