RECEIVED

JUN 1 0 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JANELLE ALEXANDER | CIVIL ACTION NO. 08-1570 |
| VERSUS | JUDGE DOHERTY |
| COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE HILL |

## RULING

The motion to remand [Doc. 31] was referred to United States magistrate Judge C. Michael Hill for Report and Recommendation. After an independent review of the record, including the objections herein, this Court concludes that the Report and Recommendation of the Magistrate Judge is correct and adopts the findings and conclusions therein as its own, as supplemented herein in response to plaintiff's objections.

Plaintiff's first objection is as follows: "The Magistrate Mistakenly Concluded that Alexander Did Not Notify This Court of Plaintiff's Favorable Decision Until She Filed the Motion to Remand." Plaintiff argues her Reply Brief, filed April 3, 2009, mentions that she was awarded benefits on January 24, 2009. It is true the reply brief mentions in a footnote that plaintiff was subsequently awarded benefits. [Doc. 21, p.5, fn. 7]. Regardless of whether this one reference, contained in a footnote, was sufficient to provide notice, for the reasons that follow, the Court finds plaintiff is not entitled to the relief requested.

Plaintiff's second objection is as follows: "Plaintiff's New Award Encompasses Consideration of an Issue That was Material to the Period at Issue in the First Decisions – Plaintiff's Inability to Perform Past Relevant Work." [Doc. 41, p.2] Plaintiff makes four arguments in support

1

of her position that the January 24, 2009 award letter from the Social Security Administration granting plaintiff benefits effective March 21, 2008 relates to the time period that the ALJ considered in ruling on plaintiff's first social security application (July 25th, 2005 to March 20th, 2008).

First, plaintiff repeats an objection she previously made to the Magistrate Judge. Specifically, plaintiff argues the January 24, 2009 award letter is a "*medical opinion*," constituting uncontroverted "expert opinion evidence" that cannot be ignored by an ALJ.[Doc. 41, pp.2-3] In order to reach this conclusion, plaintiff must rely on two premises: (1) the statement in the October 10, 2006 award letter - that plaintiff is unable to perform her past work - constitutes a medical opinion; and (2) the January 24th, 2009 award letter implicitly includes this same statement. Therefore, according to plaintiff, the January 24th, 2009 letter is also a medical opinion. However, as noted in the ruling on the objections to the January 14th, 2010 Report and Recommendation on the merits, the Court found plaintiff has not shown the October 10, 2006 letter is a medical opinion. Without the first premise, plaintiff's argument fails.

Second, plaintiff repeats another objection made to the Magistrate Judge's Report and Recommendations mentioned above. Plaintiff argues the ALJ erred in ignoring evidence that plaintiff should never stoop. This argument was addressed in the aforementioned Report and Recommendation, and the Court's ruling adopting the Report and Recommendation, and accordingly, will not be addressed herein.

Third, plaintiff argues because the Agency awarded plaintiff benefits beginning only one day after the date of the ALJ's March 20th, 2008 decision, this fully favorable decision by the Social Security Administration is evidence material to the issue of whether she was disabled during the

2

period relevant to her first claim. Plaintiff's only support for this argument is *Bradley v. Barnhart*, a district court opinion from West Virginia, holding that "an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim." *Bradley v. Barnhart*, 463 F. Supp. 2d 577, 581 (S.D. West Virginia 2006) *Bradley* is not controlling precedent.[1] Furthermore, *Bradley* is distinguishable, as plaintiff in this matter does not allege that the second Agency decision was based the same medical evidence as the first.[2] Therefore, plaintiff's third argument has no merit.

Plaintiff speculates the Agency set the onset date of her disability at March 21, 2008 because of the errors she alleges were committed by the ALJ in deciding the first claim.[3] The Magistrate Judge points out that the second decision relied on medical evidence dating subsequent to the ALJ's unfavorable decision. [Doc. 40, p.7, referring to Doc. 34] This fact casts significant doubt on plaintiff's theory. Regardless, plaintiff presents no evidence supporting this speculation, and therefore, the court declines to adopt it as a reason for remand.

---

[1] Furthermore, the Court notes in *Allen v. Commissioner of Social Sec*, the Court of Appeals for the Sixth Circuit declined to follow *Bradley*, holding that 406(g) cannot be read to say that a subsequent favorable determination by itself is new evidence that is material. *Allen v. Commissioner of Social Sec.* 561 F.3d 646, 654 (6th Cir. 2009)("To the extent that these district court opinions [including *Bradley*] stand for the proposition that the subsequent determination is itself new evidence meriting remand, these opinions misapply § 405(g)...")

[2] *See also, Lewis v. U.S. Com'r Social Sec. Admin.*, 2008 WL 545971, at *1 (W.D.La., Dec. 1, 2008), holding a "subsequent finding of disability in and of itself, requires no relief with respect to a prior decision because the more recent decision is often based on a deterioration in a previously non-disabling condition." [Doc 40, pp. 6-7].

[3] Plaintiff references the first two arguments listed above (medical testimony and stooping) and argues: "Ostensibly, in view of the ALJ's errors, the State Agency awarded benefits not October 30, 2009 – the date of the earliest medical evidence submitted in conjunction with the subsequent award – but *March 21, 2008*, one day following the ALJ's March 20, 2008 denial." [Doc. 41, p.3 citations omitted, emphasis in original.]

Fourth, plaintiff argues two of her three past jobs, which the ALJ found she could still perform, do not qualify as substantial gainful activity. In order to be considered past relevant work the claimant's past work has to qualify as substantial gainful activity.[4] 20 C.F.R. § 404.1560(b)(1). Plaintiff argues because she only spent three days as a work order technician and two months as a bench jewelry technician, the past work the ALJ found she could perform was in fact not substantial gainful activity. Even if plaintiff were correct that neither of these jobs qualified as past relevant work, the ALJ still found plaintiff could perform her past work as an accounting clerk. [Tr. 14-15] Thus, there is still substantial evidence to support the ALJ's finding that plaintiff can perform some of her past work. However, plaintiff's argument that neither of these two jobs are substantial gainful activity fails. Plaintiff's counsel cites one marginally relevant case in support of her argument. *See Vaughn v. Hecker*, 727 F.2d 1040 (11th Cir. 1984). In *Vaughn*, the Eleventh Circuit held when the "insubstantial" nature of a claimant's past gainful activity is undisputed due to the claimant's salary falling well below the salary requirements set out in 20 C.F.R. § 404.1574(b)(3), it is legal error to conclude claimant is not disabled because she is still capable of performing that past work. *Vaughn v. Heckler*, 727 F.2d 1040 (11th Cir.1984). *Vaughn* is clearly distinguishable. In *Vaughn*, it was undisputed the claimant's past work was unsubstantial because she was not sufficiently paid to meet the threshold laid out in 20 C.F.R. 404.1574(b)(3).[5] Plaintiff does not allege that either of her past two jobs fall below the salary requirements set forth in 20 C.F.R. § 404.1574(b)(3). Accordingly,

---

[4] Past relevant work is used to determine whether a claimant is disabled at step four. 20 C.F.R. § 404.1520(a)(4)(iv)

[5] 20 C.F.R. 404.1574(a)(1) explains that the primary consideration in determining whether a claimant has done substantial gainful activity is the earnings he or she derives from that activity. The only section of this regulation that premises the substantiality determination on the amount of time spent working is 20 C.F.R. 404.1574, which concerns unsuccessful work attempts. Plaintiff has not alleged that either of these past jobs were unsuccessful work attempts.

4

plaintiff's argument has no merit.

Accordingly, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion to Remand [Doc. 31] is DENIED.

Additionally, to the extent the Court's prior Judgment (signed June 8, 2010 and docketed June 10, 2010) [Doc. 43] dismissed this matter with prejudice, the Judgment is MODIFIED to a dismissal without prejudice. A final judgment will issue contemporaneously herewith.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 10th day of June, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE